## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TRACY NEAL**                                                         **PLAINTIFF**

**V.**                          **Case No. 4:25-CV-00884-KGB-PSH**

**FRANK BISIGNANO, Commissioner,**
**Social Security Administration**                              **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.    INTRODUCTION

On November 16, 2022, Tracy Neal ("Ms. Neal") filed an application for Title II disability benefits, alleging that her disability began on January 15, 2022. *(Tr. at 81).* The claim was denied at the initial and reconsideration levels. *Id.* Following a hearing, an Administrative Law Judge ("ALJ") found that Ms. Neal was not disabled. (Tr. at 81-92). The Appeals Council denied Ms. Neal's request for review

of the ALJ's decision. (Tr. at 1-6).

The ALJ's decision now stands as the final decision of the Commissioner. For the reasons stated below, the Court recommends that the Commissioner's decision be affirmed.

## II.    THE COMMISSIONER'S DECISION

The ALJ found, at Step One, that Ms. Neal had not engaged in substantial gainful activity since January 15, 2022, the alleged onset date.[1] (Tr. at 83). At Step Two, the ALJ determined that Ms. Neal has the following severe impairments: cirrhosis, non-alcoholic steatohepatitis, degenerative disc disease, fibromyalgia, major depressive disorder, generalized anxiety disorder, obesity, type II diabetes mellitus, and headache/migraine. *Id.*

At Step Three, the ALJ determined that Ms. Neal's impairments did not meet or equal a Listing.[2] (Tr. at 84-86). Next, the ALJ concluded that Ms. Neal has the residual functional capacity ("RFC") to perform work at the light exertional level with the following additional limitations: (1) no more than occasional climbing,

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[2] The Listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just "substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

balancing, stooping, kneeling, crouching, and crawling; (2) due to dizziness, can never work around unprotected heights or moving mechanical parts; (3) can never operate heavy equipment; (4) must avoid all exposure to open flames and open bodies of water; (5) can understand, remember, and carry out simple instructions, and perform simple tasks, in a work environment that does not requires a specific production rate, such as assembly line work or hourly quotas; (6) can make simple work-related decisions and can adapt to and manage simple changes in the work setting; (7) can have occasional interaction with supervisors, coworkers, and the public. (Tr. at 87).

The ALJ determined at Step Four that Ms. Neal is unable to perform any past relevant work. (Tr. at 90). Based upon Vocational Expert ("VE") testimony, the ALJ found, based on Ms. Neal's age, education, work experience, and RFC, that there are jobs in the national economy that Ms. Neal can perform. (Tr. at 90-92). Therefore, the ALJ concluded that Ms. Neal was not disabled. *Id.*

## III.   DISCUSSION

### A.   Standard of Review

"In reviewing the ALJ's decision," the Court "examine[s] whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). "Substantial evidence is that which a 'reasonable mind might

accept as adequate to support a conclusion,' whereas substantial evidence on the record as a whole entails 'a more scrutinizing analysis.'" *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted). "Our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . . [W]e also take into account whatever in the record fairly detracts from that decision.'" *Gann v. Berryhill*, 864 F.3d 947, 950-51 (8th Cir. 2017) (citation omitted). "Reversal is not warranted, however, 'merely because substantial evidence would have supported an opposite decision.'" *Reed*, 399 F.3d at 920 (citation omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

B.    **Summary of Medical History**

Ms. Neal's arguments focus on her back impairment and her headaches. The medical opinion that forms the basis of one of her claims discusses fibromyalgia and

depression. The Court will limit its discussion of the medical evidence thereto.[3]

Even though Ms. Neal had degenerative disc disease in her back and she complained of radiating pain, she had grossly normal musculoskeletal examinations during the relevant time-period (including normal gait and normal range of motion). (Tr. at 482-502, 728-759, 862, 914, 1038-1043, 1329-1337). A clinic note did show positive straight leg raise in 2022. (Tr at 519). However, her condition was treated conservatively with physical therapy. (Tr. at 88). Ms. Neal's doctor told her to exercise 150 minutes a week.[4] (Tr. at 519). The two state-agency medical experts reviewed the records and opined that Ms. Neal could perform light work with postural restrictions. (Tr. at 179-189). The ALJ incorporated these restrictions into the RFC but added more restrictions as well, indicating she gave credit to Ms. Neal's subjective complaints.

As for headaches, Ms. Neal stated that she got them frequently and they made her dizzy. (Tr. at 136, 142, 528-529). But clinic notes show that, at office appointments, she regularly denied she had headaches. (Tr. at 482-513, 758-763, 1009-1011, 1037-1059, 1425-1430, 1954-1956). She did not mention headaches in the disability report that she filed along with her application paperwork. (Tr. at 349).

---

[3] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

[4] A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

Still, the ALJ found headaches to be a severe impairment, she discussed them at Step Three, and she included headache precautions in the RFC. (Tr. at 82-89).

There is little evidence of treatment for or symptoms of fibromyalgia and depression, but Ms. Neal did have body aches, widespread pain, and some confusion. (Tr. at 87-88). Treatment for fibromyalgia was conservative, and Ms. Neal did not require hospitalization. In March 2022, her mental status examination was grossly normal. (Tr. at 88). A clinic note from July 2022 showed no depression. *Id*. She did not seek psychiatric treatment for any mental conditions.

### C.    Ms. Neal's Arguments on Appeal

In her brief, Ms. Neal contends that the evidence supporting the ALJ's decision is less than substantial. Specifically, she argues that evidence submitted to the Appeals Council concerning a period after the relevant time-period supported overturning the ALJ's decision to deny benefits. She also contends that the ALJ did not fully consider the extent of her headaches and should have included more headache restrictions in the RFC. Finally, she takes issue with how the ALJ evaluated the opinion of Dr. Tim Morse, M.D.

#### 1.  Newly submitted evidence

Ms. Neal submitted two sets of evidence to the Appeals Council after the ALJ issued her decision. (Tr. at 8-72). She argues that this shows serious deterioration of an existing impairment and that the new evidence requires remand.

6

The Appeals Council must consider evidence submitted with a request for review if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision, and there is a reasonable probability that it would change the outcome of the case." 20 C.F.R. § 404.970 (a)(5); *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

The Appeals Council here addressed the new evidence, finding that the first set did not show a reasonable probability that it would change the outcome of the case, and that the second set did not relate to the time-period at issue. (Tr. at 1-6).

The evidence submitted contained results from a lumbar MRI taken in January 2025 that showed degenerative disc disease with foraminal narrowing and nerve root compromise. (Tr. at 47-48). In January 2025, Ms. Neal's doctor said that chronic pain syndrome was "greatly impacting quality of life and function." (Tr. at 38-39). That doctor submitted a medial source statement saying that Ms. Neal could not even perform sedentary level work. (Tr. at 34-35).

The new evidence also showed that Ms. Neal had surgery on her back in March 2025. (Tr. at 13-14). A clinic note said that Ms. Neal was doing well after surgery, although she still had some back pain. (Tr. at 8). Her leg pain was improving since surgery. (Tr. at 12).

The ALJ issued her decision in November 2024. The new evidence addresses a time-period after that. The Appeals council properly considered the new evidence

and gave good reasons for upholding the ALJ's decision. Ms. Neal may file a new application to address the later time-period, and the Appeals Council instructed her on that. (Tr. at 2). The Court finds no error.

### 2. Headaches

Ms. Neal argues that the ALJ did not properly consider her headaches and should have included more restrictions related thereto in the RFC. As noted above, Ms. Neal routinely denied headaches at clinic appointments, and she did not mention headaches in her disability report. (*Supra*, at 5-6). She did not require hospitalization or aggressive treatment related to headaches. No doctor placed any work restriction on Ms. Neal related to headaches.

The ALJ included restrictions in the RFC specifically concerning headaches and dizziness. He also limited her to simple work with no production quotas. The Court finds that the ALJ's discussion was complete, and the RFC included proper limitations, based on the record as a whole.[5]

### 3. Opinion of Dr. Morse

Dr. Morse completed a medical source statement in August 2024. (Tr. at 1836-1838). He stated that due to depression and fibromyalgia, Ms. Neal would have limitations on walking, sitting, and standing, and that she could not perform typical

---

[5] An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

tasks at home. *Id*. He also stated that Ms. Neal's mental function was good, but she would be off task often and could not tolerate work stress. *Id*. He concluded by saying that he could "assess only what she is verbally telling me." *Id.*

The ALJ found the opinion to be only persuasive in part.[6] (Tr. at 89-90). She noted that the opinion was based on what Ms. Neal verbally reported to Dr. Morse.[7] *Id*. The ALJ also addressed relatively benign clinical findings and conservative treatment. *Id*. The ALJ's discussion throughout the opinion also supported her determination about Dr. Morse's opinion.[8] The ALJ did not err in how she evaluated Dr. Morse's opinion.

## IV.   CONCLUSION

There is substantial evidence to support the Commissioner's decision that Ms. Neal was not disabled. The Appeals Council correctly appraised new evidence, the RFC incorporated all of Ms. Neal's credible limitations, and the ALJ properly

---

[6] The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id*. (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

[7] Functional limitations must have a basis in the medical evidence and are not established based solely on a claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908; *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

[8] The ALJ's discussion as a whole can support her findings on persuasiveness. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021).

evaluated opinion evidence.

IT IS THEREFORE RECOMMENDED THAT:

1.      The Commissioner's decision be AFFIRMED.

2.      Judgment be entered for the Defendant.

DATED this 29th day of June, 2026.

_____
UNITED STATES MAGISTRATE JUDGE