**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHAWN NEAL**[1] **PLAINTIFF**

**v.** **Case No. 4:25-cv-00884-KGB**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

**ORDER**

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 12). Also before the Court are plaintiff Tracy Neal's suggestion of death and motion to substitute party (Dkt. Nos. 13; 14). Substitute party Shawn Neal filed objections to the Recommendation (Dkt. No. 15). For the following reasons, the Court grants the motion to substitute party (Dkt. No. 14). After careful review of the Recommendation, Mr. Neal's objections, as well as a *de novo* review of the record, the Court declines to adopt the Recommendation and remands the case to the Social Security Administration for further proceedings (Dkt. No. 12).

**I. Suggestion Of Death And Motion To Substitute Party**

On July 14, 2025, counsel for Ms. Neal filed a suggestion of death pursuant to Federal Rule of Civil Procedure 25(a) (Dkt. No. 13). Counsel for Ms. Neal also filed a motion for substitution of party in which she states that Ms. Neal passed away on February 23, 2026, as a result of acute respiratory failure due to pneumonia (Dkt. No. 14, ¶ 1). According to the motion for substitution, at the time of Ms. Neal's death, Mr. Neal was residing in the same household as Ms. Neal, and Mr.

---

[1] For the reasons set forth in this Order, Shawn Neal is substituted for Tracy Neal as the plaintiff in this matter.

Neal is Ms. Neal's surviving spouse (*Id.*, ¶¶ 2–3). The Commissioner has filed a response to motion for substitution of party and does not oppose the motion (Dkt. No. 16).

For good cause shown, the Court grants the motion for substitution of party (Dkt. No. 14). Pursuant to Federal Rule of Civil Procedure 25, the Court substitutes Mr. Neal for Ms. Neal as the plaintiff in this matter (*Id.*).

## II. Background

### A. Administrative Background

On November 16, 2022, Ms. Neal filed an application for Title II disability benefits, alleging that her disability began on January 15, 2022 (Tr. at 81). The claim was denied at the initial and reconsideration levels (*Id.*). Following a hearing, an Administrative Law Judge ("ALJ") found that Ms. Neal was not disabled (Tr. at 81–92). The Appeals Council denied Ms. Neal's request for review of the ALJ's decision (Tr. at 1–6). The ALJ's decision now stands as the final decision of the Commissioner.

### B. Medical History

Relevant to the Court's discussion here, Ms. Neal had degenerative disc disease in her back (Tr. at 83). Ms. Neal complained of radiating pain in her back but had grossly normal musculoskeletal examinations during the relevant time period, including normal gait and normal range of motion (Tr. at 482–502, 728–759, 862, 914, 1038–1043, 1329–1337). Ms. Neal was treated with physical therapy (Tr. at 89). Ms. Neal's doctor advised her to exercise 150 minutes a week (Tr. at 519). Two state-agency medical experts opined that Ms. Neal could perform light work with postural restrictions (Tr. at 179–92).

Ms. Neal stated that she had headaches frequently and that they made her dizzy, nauseous, and blurred her vision (Tr. at 136, 142, 528–529). Clinic notes show that, at office appointments,

Ms. Neal regularly denied she had headaches (Tr. at 482–513, 758–763, 1009–1011, 1037–1059, 1425–1430, 1954–1956). A clinic note from July 26, 2021, indicates that Ms. Neal went to the emergency room at Baptist Health on July 8, 2021, for a headache and altered mental status (Tr. at 529). After a CT scan, Ms. Neal was instructed by emergency room staff to see her primary care physician for a referral to a neurologist (Tr. at 529). Ms. Neal did not mention headaches in the disability report that she filed along with her application paperwork (Tr. at 349).

**C. ALJ's Decision**

At step two, the ALJ determined that Ms. Neal had severe impairments that included degenerative disc disease and headaches/migraines (Tr. at 83). At step three, the ALJ determined that Ms. Neal's impairments did not meet or equal a Listing (Tr. at 86). Next, the ALJ concluded that Ms. Neal has the residual functional capacity ("RFC") to perform work at the light exertional level with no more than occasional climbing, balancing, stooping, kneeling, crouching, and crawling; due to dizziness, Ms. Neal can never work around unprotected heights or moving mechanical parts and can never operate heavy equipment; and Ms. Neal must avoid all exposure to open flames and open bodies of water (Tr. at 87). Based on vocational expert testimony, the ALJ found that there were jobs in the national economy that Ms. Neal could perform (Tr. at 93). The ALJ concluded that Ms. Neal was not disabled (Tr. at 94).

**D. Appeals Council Proceedings**

Ms. Neal submitted two sets of supplemental evidence to the Appeals Council after the ALJ issued her decision on November 14, 2024 (Tr. at 8–72). As to the first set of supplemental evidence submitted by Ms. Neal ("Set I"), the Appeals Council listed the evidence provided and found that the "evidence does not show a reasonable probability that it would change the outcome of the decision" (Tr. at 2), The Appeals Council did not "exhibit the evidence" in Set I (Tr. at 2).

As to the second set of evidence submitted by Ms. Neal ("Set II"), the Appeals Council listed the evidence provided in Set II and stated "[t]he Administrative Law Judge decided your case through November 14, 2023. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 14, 2024." (Tr. at 2). The Appeals Council went on to state that, if Ms. Neal wanted it to consider whether she was disabled after November 14, 2024, Ms. Neal could file a new claim for disability benefits (Tr. at 2).

The evidence submitted in Set II contained results from a lumbar MRI taken in January 2025 that showed degenerative disc disease with foraminal narrowing and nerve root compromise (Tr. at 47–48). In January 2025, Ms. Neal's doctor said that chronic pain syndrome was "greatly impacting quality of life and function" (Tr. at 38–39). That doctor submitted a medial source statement saying that Ms. Neal could not even perform work at the sedentary level (Tr. at 34–35). The new evidence also showed that Ms. Neal had surgery on her back in March 2025 (Tr. at 13–14). A clinic note indicated that Ms. Neal was doing well after surgery, although she still had some back pain (Tr. at 8). She was taking Oxycodone and using medicinal marijuana for pain (Tr. at 8). Her leg pain was improving post-surgery (Tr. at 12).

**E. Objections**

Judge Harris filed a Recommendation recommending that the Court affirm the Commissioner's decision. Mr. Neal filed objections to the Recommendation (Dkt. No. 15). In the objections, Mr. Neal maintains that the Recommendation's discussion of the Appeals Council's handling of the supplemental evidence did not determine what the controlling standard of review was and that the Recommendation repeated the date-only error that the Appeals Council committed when reviewing the evidence (*Id.*, at 1–4). Mr. Neal also argues that the Recommendation

affirmed the migraine RFC by supplying reasoning the ALJ never provided in violation of *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

## III. Analysis

The Court will address each of Mr. Neal's objections in turn (Dkt. No. 15).

### A. Supplemental Evidence Presented To The Appeals Council

Mr. Neal maintains that, in her Recommendation, Judge Harris did not set forth the controlling standard of review to be used and that the Recommendation repeated the date-only error made by the Appeals Council in its review of the Set II evidence (*Id.*, at 1–4). The Recommendation states the following regarding the issue of the Appeals Council's review of the Set II evidence: "[t]he ALJ issued her decision in November 2024. The new evidence addresses a time-period after that. The Appeals Council properly considered the new evidence and gave good reasons for upholding the ALJ's decision."

Under 20 C.F.R. § 404.970(a)(5), the Appeals Council must consider additional evidence provided to it when it is new, material, relates to the period on or before the ALJ's decision, and there is a reasonable probability it would change the outcome. When the Appeals Council refuses to consider evidence based on a threshold legal determination, rather than considering it and denying review, the reviewing court evaluates that refusal *de novo*. *Box v. Shalala*, 52 F.3d 168, 170 (8th Cir. 1995).

After a review of the record, including a *de novo* evaluation of the Appeals Council's refusal to consider the Set II evidence, the Court rejects the Recommendation's conclusion that the Appeals Council "properly considered the new evidence." Rather, the Appeals Council appears to have refused to consider the Set II evidence based on a threshold determination that the evidence was dated after the ALJ's decision. The Court finds, upon *de novo* review, that the Appeals

Council erred in failing to assess whether the Set II evidence relates back to the period on or before the ALJ's decision.

Here, the Appeals Council relied on the date of the additional evidence in deciding that it did not relate to the period at issue, and the Appeals Council did not analyze the additional evidence's relationship to Neal's pre-decision condition (Tr. at 2). Courts in this Circuit have rejected similar language used by the Appeals Council here as an improper method for refusal to review post-decision evidence offered by a claimant. *See Karr v. Dudek*, Case No. 4:23-cv-01229-SPM, 2025 WL 671062, *5 (E.D. Mo. Mar. 3, 2025) (finding error in an Appeals Council analyzing supplemental documents based only on the date of the documents as follows: "[y]ou submitted 36 pages of records from St. Louis Spine and Orthopedics, dated December 2, 2022. The Administrative Law Judge decided your case through August 22, 2022. This additional evidence does not relate to the period at issue."); *Stacey A. v. Bisignano*, Case No. 24-cv-1310, 2025 WL 2071050, *5 (D. Minn. July 23, 2025) (finding Appeals Council erred in its decision declining to consider additional evidence consisting of nerve conduction studies from 15 days after ALJ's decision because "[t]his additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 3, 2023."); *Rowe v. Kijakazi*, Case No. 1:20-cv-00260-AGF, 2022 WL 3541686, *6 (E.D. Mo. Aug. 18, 2022) ("Appeals Council did not determine whether Dr. Arshad's opinions would have changed the ALJ's opinion. Instead, it found the evidence does not relate to the period at issue, as both opinions were dated after the ALJ issued his decision.").

"Medical evidence can, of course, provide information about a claimant's condition at an earlier date." *Robertson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007)); *see also Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000) ("Although some of the medical records submitted to the

Appeals Council either pre-dated or post-dated the relevant time period, the evidence related to conditions that existed during that period. The timing of an examination is not dispositive of whether evidence is material; medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision"); *Hennemann v. Kijakazi*, Case No. 4:21-cv-00038-NCC, 2022 WL 4093938, at *4 (E.D. Mo. Sept. 7, 2022) ("Merely because the evidence was obtained after the ALJ's decision does not mean it does not 'relate[] to' the adjudicated period.").

A review the Set II evidence provided to the Appeals Council shows that the records relate to Ms. Neals's condition before the date of the ALJ's decision. The ALJ found degenerative disc disease to be a severe impairment but discounted Ms. Neal's testimony because physical examinations "consistently failed to reveal any significant findings" (Tr. at 89). Two months after the decision, an MRI revealed multilevel degenerative disc disease with moderate to severe facet arthrosis at L4–L5, foraminal narrowing, and approximation of the left S1 nerve root (Tr. at 47–48). Four months after the decision, Ms. Neal underwent surgery after failing conservative treatment, with operative findings of a ventral disc herniation requiring decompression of the S1 nerve root (Tr. at 47–48). The evidence does not appear to relate to a new condition but instead appears to relate to Ms. Neal's existing condition of degenerative disc disease, which the ALJ found to be a severe impairment in the decision that is the subject of this proceeding.

The Court also finds that the error of the Appeals Council in not reviewing the Set II evidence to determine if it related back to the period before the ALJ's decision was not harmless because it appears that there is a reasonable probability that the new evidence would change the outcome of the ALJ's decision. *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Bergmann v.*

*Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). The MRI described in the Set II evidence is Ms. Neal's first MRI, and the other medical records related to her lumbar surgery are new and not cumulative of any other evidence in the record, based on this Court's review. "To be 'material,' the evidence must be relevant to claimant's condition for the time period for which benefits were denied" and "must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition." *Id.* The Court finds the Set II evidence is new and relates to Ms. Neal's condition during the relevant period, and there is nothing to suggest that the Set II evidence addresses a new condition.

Further, the Court finds that there is a reasonable probability that a review of this Set II evidence would have changed the outcome of the ALJ's decision. This was a case where the ALJ found a lack of objective findings to support limitations from what the ALJ found to be severe degenerative disc disease. Ms. Neal testified at the October 9, 2024, hearing that she could "only sit for 4 to 6 minutes" before needing to stand due to back pain; that standing triggered "shooting pain down my leg;" and that her legs "go numb" and "start trembling." (Tr. at 155–156, 159). The ALJ found degenerative disc disease to be a severe impairment, but the ALJ discounted the degree of limitation because "the lifting and carrying limitations are secondary to her subjective reports of pain" and because Ms. Neal's "physical examinations consistently failed to reveal any significant findings to support the claimant's allegations." (Tr. at 89). The ALJ acknowledged some corroboration from physical therapy noting "pain and decreased range of motion," and the ALJ expressly relied on that limited objective as support to restrict Ms. Neal to light work with occasional postural limitations (*Id.*).

Shortly after the ALJ issued her decision, Sameer Jain, M.D., assessed "spondylosis with radiculopathy, lumbar region" and "chronic pain syndrome," documenting that the condition was

"greatly impacting quality of life and function" and noting: "MRI L spine reviewed again: severe facet arthropathy L4-5 L5-S1" (Tr. at 38–39). Dr. Jain issued a Physical Medical Source Statement opining that Ms. Neal had significant limitations in walking, standing, sitting, reaching, handling, and fingering attributable to her back condition and chronic pain (Tr. at 34–35). The operative notes include findings that Ms. Neal "has been in therapy and undergone an injection which only gave her very temporary relief," that she "has failed conservative measures of care," and that she "appears to be quite debilitated." (Tr. at 13). The Set II evidence is the type of evidence that relates back because it may well affect the ALJ's assessment of the severity and limiting effects of Ms. Neal's pain during the time period prior to the ALJ's decision.

The Court determines that this was not a case of a sudden post-decision deterioration of Ms. Neal's degenerative disc disease; the medical evidence clarifies that Ms. Neal was suffering from degenerative disc disease during the pre-decision period. Further, there is no evidence in the record before the Court that Ms. Neal's condition suddenly worsened during the brief period between the ALJ's decision and when Ms. Neal underwent an MRI, lumbar surgery, and post-decision assessment by Dr. Jain. *See Stacey A. v. Bisignano*, 2025 WL 2071050 at *6 (determining post-decision treatment that occurred 15-days after ALJ's opinion was not evidence of a later-acquired disability because it provided "more specific details regarding the severity of the impairment"); *Karr v. Dudek*, 2025 WL 671062 at *5 (finding that post-decision surgical evidence related back where it illuminated the severity of claimant's pre-decision condition). The evidence in the Set II documents provides an illumination of the severity of Ms. Neal's degenerative disc disease.

Because the Appeals Council erred in refusing to consider new, material evidence that relates to the adjudicated period and because there is a reasonable probability that the evidence

would change the ALJ's decision, the Court remands the case for further proceedings. *Karr,* 2025 WL 671062, at *5 (citing 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)).

**B. The Recommendation's Assessment Of Ms. Neal's Migraine Headaches**

Ms. Neal argued in her appeal of the Commissioner's decision denying benefits that the ALJ erred by not considering properly her severe impairment of migraine headaches. Specifically, Ms. Neal argued that the ALJ should have addressed her migraine headaches when assessing her RFC.

In his objections, Mr. Neal argues that, in her Recommendation, Judge Harris affirmed the ALJ's decision based on a rationale that the ALJ did not use in her opinion, in violation of *SEC v. Chenery Corp*, 332 U.S. 194, 196 (1947). The ALJ found that Ms. Neal's migraines were a severe impairment, meaning the migraines "significantly limit[s] the ability to perform basic work activities." (Tr. at 83). The RFC discussion in the ALJ's opinion attributes the environmental restrictions to "reports of dizziness" and the mental restrictions to "dizziness, confusion, depression, and anxiety." (Tr, at 87–89). Migraines do not appear in the RFC portion of the ALJ's narrative, and the ALJ did not provide an explanation for why an impairment the ALJ found to be severe at step two received no functional limitation at the RFC stage (*Id.*).

In her Recommendation, Judge Harris points to the minimal evidence in the migraine record and the absence of physician-imposed work restrictions for the lack of restriction in the ALJ's opinion, but this reasoning does not actually appear in the ALJ's opinion (Dkt. No. 12, at 5–6, 8). A reviewing Court may not affirm an administrative decision on grounds upon which the agency did not rely. *See Chenery*, 332 U.S. at 196.

By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). "A finding

that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, Case No. 4:18-cv-00212-JLH-BMD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), adopted, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019). An ALJ may demonstrate consideration of a limitation by expressly considering evidence of that limitation and discussing the persuasiveness of that evidence. *See Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir. 2016).

Because the ALJ found that Ms. Neal's migraine headaches significantly limited her ability to work, the ALJ should either have provided a corresponding accommodation for Ms. Neal's migraines in the RFC or sufficiently explained why one was not necessary. It is unclear whether the ALJ gave any consideration to Ms. Neal's complaints of dizziness, nausea, and blurred vision due to headaches (Tr. at 136, 142, 528–29). The ALJ simply did not address Ms. Neal's complaints when assessing Ms. Neal's RFC, and Court cannot adopt the Recommendation because it provides its own rationale, rather than assessing one used by the ALJ (Dkt. No. 12, at 8–9). *SEC v. Chenery Corp*, 332 U.S. 194, 196 (1947). The Court determines that remand of the case is required for consideration of Ms. Neal's RFC in the light of all of her severe impairments, including migraines.

## IV. Conclusion

The Court grants the motion to substitute party and substitutes Mr. Neal for Ms. Neal as the plaintiff in this matter (Dkt. No. 14). The Court declines to adopt the Recommendation (Dkt. No. 12). The Commissioner's decision is reversed and remanded for further proceedings consistent with this Order. This case is remanded pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

It is so ordered this the 31st day of August, 2026.

Kristine G. Baker
Chief United States District Judge